SEVERSON, Justice
(concurring).
[¶ 43.] I join in the majority opinion but write to comment on the current charging and review practices of child pornography cases in South Dakota. A significant tenet of the United States Supreme Court’s jurisprudence concerning the Eighth Amendment is deference to the judgment of state legislatures in determining appropriate punishments. The South Dakota Legislature has classified possession of pornography depicting children as a class four felony, punishable by a fine of up to twenty thousand dollars and a term of up to ten years in the penitentiary. SDCL 22-24A-3, 6-1.
[¶ 44.] In South Dakota, gross disparity in the sentence length for possession of child pornography exists. For example, in State v. Martin, 2003 S.D. 153, 674 N.W.2d 291, the defendant’s sentence for possession of child pornography was a term of two years in the penitentiary with all but forty-five days in jail suspended subject to additional conditions. In the present case, the aggregate sentence is a term of 100 years in the penitentiary. Yet the facts of the two cases are similar: both involve the possession but not the manufacture or distribution of multiple computer-based images of child pornography. The difference in the length of the sentences for these similar crimes is shocking.
[¶ 45.] SDCL 22-24A-3, which criminalizes the possession, manufacture, and distribution of child pornography, has not significantly changed. But this Court’s interpretation of SDCL 22-24A-3, particularly our endorsement of charging each act of downloading an image of child pornography as a separate offense, has led to a dramatic escalation in the potential length of sentences for this crime. The cost to taxpayers for lengthy incarceration — in this case, a virtual life sentence — is significant.
[¶ 46.] In examining consecutive sentences for gross disproportionality, we should not be blind to the aggregate sentence. In State v. Blair, Justice Konen-kamp, in a concurrence in result, examined whether imposing consecutive sentences creates an issue of gross disproportionality. 2006 S.D. 75, ¶¶ 77-78, 721 N.W.2d 55, 74-75. Although he ultimately recognized that “gross disproportionality analysis must be performed for each separate sentence” rather than the cumulative whole, he noted that consideration of the aggregate sentence may sometimes be appropriate. Id. ¶ 78 n. 22. Also in Blair, Justice Sabers, in a dissent joined by Justice *410 Meierhenry, contended that the aggregate sentence should be reviewed for gross dis-proportionality. See id. ¶ 109 n. 33 (citing and discussing State v. Bonner; 1998 S.D. 30, 577 N.W.2d 575). Under either view, the 100-year aggregate sentence imposed in this case is grossly disproportionate.
[¶ 47.] Extreme gross disproportionality of the sentence to the crime invites constitutional scrutiny. Ewing v. California, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003); Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Not only does the Eighth Amendment to the United States Constitution prohibit cruel and unusual punishment, but the disparate application of SDCL 22-24A-3 in child pornography cases may also invite examination under the South Dakota Constitution: “Excessive bail shall not be required, excessive fines imposed, nor cruel punishments inflicted.” S.D. Const, art. VI, § 23. This is not an excuse for the crime, but we should be open to review aggregate penalties that conflict with constitutional principles.
[¶ 48.] MEIERHENRY, Justice, joins this special writing.